**The Law Offices of Michael Z. Goldman**
**100 Church Street, Suite 800**
**New York, NY 10007**
**(212) 901-3799**
**(646) 247-0012**
**michael@mzglaw.com**

February 2, 2026

*By ECF*

Hon. Michael E. Farbiarz, U.S.D.J.
U.S. District Court for the District of New Jersey
2 Federal Square
Newark, NJ 07101

      Re: *Kumar v. Soto et al.*, No. 26-cv-777-MEF

Dear Judge Farbiarz:

This Office represents Petitioner in this matter.

Petitioner continues to agree with Respondents, *see* ECF No. 8, that the Third Circuit's decision in *Khalil* does not deprive this Court of jurisdiction in the instant habeas action.

Counsel for Petitioner writes separately to inform the Court that, upon information and belief, Petitioner was moved by Respondents from New Jersey to a detention facility in Texas on or about January 31, 2026, in violation of Your Honor's Order, *see* ECF No. 3.

Petitioner respectfully maintains that Respondents' actions in violating the Petitioner's due process rights by detaining him without notice, in conjunction with Respondents' violation of Your Honor's Order, should result in an order requiring Respondents to provide the Petitioner's immediate release from custody. *See, e.g., M.M. v. Rokosky*, No. 25-18547 (MCA), 2025 WL 3687941, at *2 (D.N.J. Dec. 19, 2025) (ordering immediate release as remedy to habeas); *Guaman Lliguicota v. Cabezas*, No. CV 25-17216 (JKS), 2025 WL 3496300, at *2 (D.N.J. Dec. 5, 2025) (ordering immediate release as remedy to habeas; "[t]he record contains no indication that Petitioner received any individualized assessment of flight risk or danger, and Respondents have not identified any basis under § 1226(a) that could support Petitioner's continued detention. As in *Contreras Maldonado*, detention under § 1225(b)(2) is unauthorized and inconsistent with the statutory scheme and due process. Given the nature of the violation, and consistent with the remedy ordered in *Contreras Maldonado* and similar cases, immediate release is required): *Bethancourt Soto v. Soto*, No. 25-16200 (CPO), —— F. Supp. 3d ——, 2025 WL 2976572, at *9 (D.N.J. Oct. 22, 2025) ("As Respondents have not argued in the alternative that Petitioner should be detained under § 1226(a), the Court cannot construe the record to authorize his continued detention on that basis. Accordingly, the Court will order Petitioner's immediate release and permanently enjoin Respondents from re-detaining him under § 1225."); *Zumba v. Bondi*, No.

25-14626 (KSH), 2025 WL 2753496, at *11 (D.N.J. Sept. 26, 2025) (ordering immediate release as remedy to habeas).

Respectfully submitted,

/s/ Michael Goldman
The Law Offices of Michael Z. Goldman
100 Church St., Suite 800
New York, NY 10007
212 901-3799
michael@mzglaw.com

*Attorney for the Petitioner*

2