TODD BLANCHE
U.S. Deputy Attorney General
JORDAN FOX
Chief of Staff & Associate Deputy
 Attorney General
Special Attorney
JOHN F. BASIAK JR.
Assistant United States Attorney
Chief, Civil Division
970 Broad Street, Newark NJ 07102
john.basiak@usdoj.gov
*Attorneys for Respondents*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BALJINDER KUMAR, | Hon. Michael E. Farbiarz, U.S.D.J. |
| *Petitioner*, | Civil Action No. 26-777 |
| v. | |
| LUIS SOTO, *et al.*, | **DECLARATION OF JOHN F. BASIAK JR.** |
| *Respondents*. | |

I, JOHN F. BASIAK JR, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am an Assistant United States Attorney at the United States Attorney's Office for the District of New Jersey and Chief of the Civil Division.

2.  I submit this declaration in response to the Court's February 5, 2026 order, ECF No. 14, requiring an explanation for Respondents' violation of the Court's January 26 injunction, ECF No. 3.

3.  I do not have first-hand personal knowledge of all the facts, but I have personally undertaken an investigation to determine what happened, as required by the Court. ECF No. 14.

1

## Information Available to United States Attorney's Office

4. On January 26, 2026, at 7:58 AM, the Court issued an injunction against transferring Petitioner from this District or causing his removal.

5. On January 26, at 8:22 AM, our Office notified ICE via e-mail of the Court's injunction.

6. On January 26, at 9:31 AM, ICE's legal office acknowledged receipt of our Office's e-mail and the Court's injunction.

7. On February 2, our Office learned for the first time that ICE had transferred Petitioner to the Port Isabel Service Detention Center in Los Fresnos, Texas, on January 31.

8. Upon learning of this violation on February 2, our Office immediately contacted ICE's legal office, which informed us that it was taking steps to transfer Petitioner back to New Jersey, and we filed a letter on the docket informing the Court of the violation. ECF No. 10. We also conferred with Petitioner's counsel to inform him of the violation of the Court's order.

9. On February 3, ICE informed our Office that Petitioner was scheduled to be transferred back to New Jersey by airplane on February 5, and we filed status report on the docket informing the Court of this schedule. ECF No. 11.

10. On February 5, our Office filed another status report confirming that Petitioner had arrived back in New Jersey. ECF No. 12.

11. That same day the Court issued a text order requiring me to personally undertake an investigation and indicate in detail how and why Respondents violated the Court's order. ECF No. 14.

### Information Learned Through Investigation

12. On January 26, at 9:21 AM, 83 minutes after the injunction, ICE's legal office notified ICE's Enforcement and Removal Operations ("ERO") in Newark, New Jersey, via e-mail that Petitioner "had a habeas petition pending before the DNJ" and that the "Court has enjoined ICE from transferring or removing the alien during the pendency of his petition: Kumar, Baljinder 246 008 754." ICE's legal office further requested that ERO Newark enter a hold in their databases to prevent Petitioner's transfer.

13. Unfortunately and inadvertently, ERO Newark missed the January 26 e-mail informing them of the Court's injunction. However, upon learning of the Court's injunction on February 3, ICE personnel in the Harlington, Texas, field office were looped in and assisted in taking immediate steps to return Petitioner to New Jersey, including scheduling him to arrive in New Jersey by February 5.

14. Petitioner's bond hearing before an immigration judge is scheduled for today.

By: /s/ John F. Basiak Jr.
JOHN F. BASIAK JR.
Assistant United States Attorney
Chief, Civil Division
*Attorney for Respondents*

Dated: February 9, 2026

3