TODD BLANCHE
U.S. Deputy Attorney General
JORDAN FOX
Chief of Staff & Associate Deputy
 Attorney General
Special Attorney
*Attorneys for Respondents*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BALJINDER KUMAR, | Hon. Michael E. Farbiarz, U.S.D.J. |
| *Petitioner*, | Civil Action No. 26-777 |
| v. | **DECLARATION OF JORDAN FOX** |
| LUIS SOTO, *et al.*, | |
| *Respondents*. | |

I, JORDAN FOX, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am Chief of Staff to the U.S. Deputy Attorney General, an Associate Deputy Attorney General, and Special Attorney for the United States Attorney's Office for the District of New Jersey.

2. I submit this declaration in response to the Court's February 5, 2026 order, ECF No. 14, requiring the U.S. Attorney's Office to conduct a sufficient investigation and "enumerate each instance in which the Respondents or people acting on their behalf violated an order issued by a judge of this district between December 5, 2025 and the present." ECF No. 14.

1

3.  Given the importance of the District-wide issues identified by the Court, I greatly appreciate the Court granting me leave to sign this declaration on behalf of the Office. ECF No. 17.

4.  I do not have first-hand personal knowledge of all the facts, but I have personally undertaken and supervised an investigation as required by the Court. ECF No. 14.

5.  To ensure that the Court has all requested information, my declaration is organized in the following manner.  This declaration describes first, our understanding of what constitutes a violation of a court order; second, the search methodology and parameters to identify violations of any of the approximately 547 immigration habeas matters filed during the relevant period; and third, each violation that has occurred during the relevant period, defined as December 5, 2025 to February 12, 2026.

### Types of Court Violations by Respondents

6.  In the interest of transparency, and to ensure full compliance with the February 5 Order, our Office takes a broad interpretation of what constitutes a violation of a Court order to include the following:

    a.  <u>Missed answer deadlines</u> – Any time Respondents have answered or responded to a petition after the deadline set by the Order to Answer.

    b.  <u>Missed bond hearing deadlines</u> – Any time Respondents have not successfully facilitated the U.S. Department of Justice Executive

Office for Immigration Review ("EOIR") holding a bond hearing for a petitioner within the time set by a Court Order.

c. <u>Post-injunction transfer</u> – Any time U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") transferred a petitioner from one detention facility to another after the Court issued an order enjoining the petitioner's transfer.

d. <u>Post-injunction removal</u> – Any time ICE ERO removed a petitioner from the United States after the Court issued an order enjoining a petitioner's removal.

e. <u>Late release from custody</u> – Any time ICE ERO released a petitioner from custody after a deadline set by Court order to release such a petitioner from custody.

f. <u>Post-release ATD</u> – Any time ICE ERO has imposed conditions of supervised release or other alternatives to detention ("ATD") on a petitioner released from custody pursuant to a Court order prohibiting post-release conditions of supervision.

g. <u>Incomplete Evidentiary Production</u> – Any time Respondents were unable to provide certified copies of a petitioner's full immigration records where expressly required by Court order.

h. <u>Miscellaneous Non-Compliance</u> – Any other noncompliance not susceptible to categorization.

7. Our Office did not consider the following circumstances to be violations of a Court order for the purposes of this declaration:

   a. <u>Missed status update deadlines</u> – Any time the USAO filed a letter, status update, or any other filing that is not a pleading after a deadline set by a Court order.

   b. <u>Lack of Notice of Petition</u> – Any time the Court issued an order that Respondents did not comply with because the Office was not added to the docket by the Clerk's Office in accordance with a memorandum of understanding or our Office was added to the docket after the order was issued and the Office did not have actual and timely notice of the petition.

8. Although our Office did not consider the above two circumstances responsive to the February 5 Order, the Office nonetheless searched for any such instances having occurred between December 5 and February 12 and provide that information in this declaration in the interest of transparency and the Court's consideration.

## Search Methodology and Parameters

9. Our Office placed broad parameters on our search for any of the above violations within the relevant timeframe.

10. The February 5 Order directed the Office to enumerate violations occurring from December 5, 2025, to present, which we construe as February 12 for the sake of completing this declaration by February 13.

11. To identify violations that occurred within that timeframe, assigned AUSAs in our Office reviewed their respective dockets of every immigration habeas matter logged in our internal tracking system from October 5, 2025, which is sixty days prior to the December 5, 2025 starting point ordered by the Court.

12. By reviewing cases filed up to sixty days prior to the start of the timeframe in the February 5 Order, our Office sought to capture with reasonable certainty all immigration habeas matters filed prior to December 5 but with a court order entered within the relevant period required by the Court.

13. This methodology was based on our experience handling hundreds of habeas petitions in recent months and our understanding that courts in this District have resolved most habeas matters within sixty days.

14. In addition to AUSAs reviewing the dockets in all cases filed from October 5 to February 12, our Office also reviewed our internal case files for each case to ensure it has reasonably identified and disclosed instances of non-compliance with a court order even if not reported to the Court by either party because the issue was moot or not subject to dispute between the parties.

15. Because immigration habeas dockets are subject to limitations on remote access to electronic files pursuant to Federal Rule of Civil Procedure 5.2, each AUSA assigned in any case performed the search him or herself, with the exception of the Civil Chief, who appeared in only one case himself, which did not have a violation and in other cases where the assigned AUSA conducted the search to identify any violations.

16. In total, twenty-four AUSAs and additional support staff reviewed approximately 547 immigration habeas matters for possible violations of court orders occurring between the relevant period, December 5, 2025, and February 12, 2026.

## **Enumeration of Violations**

17. As the result of the reasonable investigation outlined above, our Office found the following violations of Court orders between December 5, 2025, to February 12, 2026.

18. Our Office identified six missed answer deadlines out of 547 matters:

|   | Docket | Violation Type | Additional Comment(s), if identified by AUSA |
|---|--------|----------------|----------------------------------------------|
| 1 | 25-18008 | Missed answer deadline | With consent from adversary, Respondents filed response to bond challenge at 10:23 am, instead of 9 a.m. |
| 2 | 25-18605 | Missed answer deadline | Case assigned to AUSA after deadline, and AUSA filed answer promptly thereafter. |
| 3 | 26-00024 | Missed answer deadline | Respondents missed answer deadline by 48 hours. |
| 4 | 25-18720 | Missed answer deadline | Respondents filed response to bond challenge several days late. |
| 5 | 26-00150 | Missed answer deadline | Missed initial answer deadline; petitioner consented to extension of time to answer, which was ordered by court. All other deadlines met. |
| 6 | 26-00690 | Missed answer deadline | Filed answer three hours late with request to accept *nunc pro tunc*. Arose from technology issues with ECF. |

19. The Office identified 12 missed bond hearing deadlines out of 547 matters:

|   | Docket | Violation Type | Additional Comment(s), if identified by AUSA |
|---|--------|----------------|----------------------------------------------|
| 1 | 25-15403 | Missed bond hearing deadline | Bond hearing occurred one day late. |
| 2 | 25-17098 | Missed bond hearing deadline | Bond hearing occurred one day late. |
| 3 | 25-17385 | Missed bond hearing deadline | Two Petitioners in same case. Immigration Court timely scheduled one but not the other. Bond hearing conducted one day late for second petitioner. |
| 4 | 25-17823 | Missed bond hearing deadline | Bond hearing occurred one day late. |

| 5 | 25-17783 | Missed bond hearing deadline | Bond hearing scheduled for next business day after deadline. |
| 6 | 25-18147 | Missed bond hearing deadline | Bond hearing occurred one day late. |
| 7 | 25-18578 | Missed bond hearing deadline | Bond hearing ordered, but EOIR was closed for extended holiday period, so deadline missed. |
| 8 | 25-18657 | Missed bond hearing deadline | Bond hearing ordered, but EOIR was closed for extended holiday period, so deadline missed. |
| 9 | 25-19003 | Missed bond hearing deadline | Bond hearing occurred two days late. |
| 10 | 26-00046 | Missed bond hearing deadline | Two petitioners, one received bond hearing seven days late. |
| 11 | 26-00508 | Missed bond hearing deadline | Bond hearing late because timely-scheduled bond hearing canceled due to EOIR closure for bad weather. |
| 12 | 26-01248 | Missed bond hearing deadline | ICE unable to have EOIR schedule bond hearing within time set by court order. |

20.   The Office identified 17 post-injunction transfers out of 547 matters:

| | Docket | Violation Type | Additional comments, if identified by AUSA |
|---|---|---|---|
| 1 | 25-17198 | Post-Injunction Transfer | ICE violated no-transfer order but returned Petitioner to New Jersey. |
| 2 | 25-17746 | Post-Injunction Transfer | S.D.N.Y. issued no transfer injunction on Nov. 6, 2025. ICE transferred Petitioner on Nov. 13, 2025 and returned Petitioner to New Jersey. |
| 3 | 25-17801 | Post-Injunction Transfer | ICE transferred Petitioner at same time injunction notice issued at 9:44 AM. ICE returned Petitioner to New Jersey. |
| 4 | 25-18253 | Post-Injunction Transfer | ICE violated no-transfer order but returned Petitioner to New Jersey. |
| 5 | 25-18208 | Post-injunction transfer | ICE violated no-transfer order but returned Petitioner to New Jersey. |
| 6 | 25-18244 | Post-injunction transfer | ICE violated no-transfer order but returned Petitioner to New Jersey. |
| 7 | 25-18843 | Post-Injunction Transfer | ICE violated no-transfer order but returned Petitioner to New Jersey. |
| 8 | 26-00027 | Post-Injunction Transfer | Order issued on January 5 at 12:41 PM. Petitioner transferred at 2:00 PM. |
| 9 | 26-00200 | Post-Injunction Transfer | Order issued January 12 at 11:42 AM. Transferred at 3:30 PM. |
| 10 | 26-00498 | Post-Injunction Transfer | Court issued injunction at 12:34 PM. ICE transferred petitioner at 2:19 PM and returned to New Jersey. |
| 11 | 26-00777 | Post-Injunction Transfer | Court issued injunction on Jan. 26. On Jan. 31, ICE transferred Petitioner and facilitated petitioner's return. |
| 12 | 26-01016 | Post-Injunction Transfer | Late delivery by our Office of 2 PM injunction order resulted in transfer. Working with ICE to return Petitioner. |
| 13 | 26-01195 | Post-Injunction Transfer | Transferred about 30 minutes after non-transfer order issued. |

| 14 | 26-1243 | Post-Injunction Transfer | Transferred about 40 minutes after non-transfer order issued. |
| 15 | 26-01238 | Post-Injunction Transfer | ICE violated no-transfer order. Transferred Petitioner to Brooklyn and returned same day. |
| 16 | 26-01090 | Post-Injunction Transfer | ICE violated no-transfer order. ICE in process of returning petitioner to NJ |
| 17 | 26-01035 | Post-Injunction Transfer | ICE violated no-transfer order. ICE returned petitioner to NJ. |

21. Upon review of each post-injunction transfer, Respondents have indicated that the transferred occurred inadvertently due to logistical delays in communicating the court order to the relevant custodians or to administrative oversight of the court order. In each case, Respondents agreed to return the petition to the District of New Jersey to regain compliance with the court order. This Office has obtained no indication that Respondents intentionally engaged in any of the above post-injunction transfers.

22. The Office identified one post-injunction removal out of 547 cases:

|  | Docket | Violation Type | Additional comments, if identified by AUSA |
|---|---|---|---|
| 1. | 25-18786 | Post-Injunction Removal | ICE aware of injunction but erroneously removed Petitioner to Peru. Parties consensually agreed to voluntary dismissal of petition without any remedy imposed by the court. |

23. Upon review of this post-injunction removal, Respondents indicated that the removal occurred due to an inadvertent administrative oversight by the local ICE custodian. Respondents cooperated with petitioner's counsel to facilitate petitioner's return to the United States. Petitioner decided to remain in Peru

8

instead of return to the United States. This Office has obtained no indication that Respondents intentionally removed the petitioner despite the injunction.

24. The Office identified three late releases from custody out of 547 cases:

|   | Docket   | Violation Type | Additional comments, if identified by AUSA |
|---|----------|----------------|---------------------------------------------|
| 1 | 25-16852 | Late Release   | ICE released 30 hours after release deadline. Not raised to court. |
| 2 | 26-00390 | Late Release   | Order issued January 15 for same day release. Released January 16 at 8:47 AM MST. |
| 3 | 26-00935 | Late Release   | Petitioner released nine minutes after deadline. |

25. The Office identified three instances in which ICE imposed alternatives to detention ("ATD") post-release without a court order authorizing ATD out of 547 cases:

|   | Docket   | Violation Type   | Additional comments, if identified by AUSA |
|---|----------|------------------|---------------------------------------------|
| 1 | 25-17095 | Post-Release ATD | No order prohibiting but court ruled ATD unlawful post-release. ATD imposed prior to 12/5. |
| 2 | 25-18481 | Post-Release ATD | Fitted with ankle monitor in violation of court limitations on release conditions. Court also ordered immediate release after delay in processing Petitioner's bond. |
| 3 | 25-18959 | Post-Release ATD | ICE ERO placed petitioner on a reporting schedule in violation of court limitations on release conditions. |

26. The Office identified 10 instances in 547 cases in which a judge deemed Respondents' evidentiary production incomplete:

|   | Docket   | Violation Type        | Additional comments, if identified by AUSA |
|---|----------|-----------------------|---------------------------------------------|
| 1 | 25-18053 | Incomplete Production | Respondents did not produce witness or declaration required by court order. |
| 2 | 25-18686 | Incomplete Production | Respondents did not produce complete certified record of Petitioner's immigration. |
| 3 | 25-18959 | Incomplete Production | Respondents did not produce complete certified record of Petitioner's immigration. |
| 4 | 25-19125 | Incomplete Production | Respondents did not produce complete certified record of Petitioner's immigration. |
| 5 | 25-00085 | Incomplete Production | Respondents did not produce complete certified record of Petitioner's immigration. |
| 6 | 26-00203 | Incomplete Production | Respondents did not produce complete certified record of Petitioner's immigration. |

| | | | |
|---|---|---|---|
| 7 | 26-00612 | Incomplete Production | Respondents did not produce complete certified record of Petitioner's immigration. |
| 8 | 26-00857 | Incomplete Production | Respondents did not produce complete certified record of Petitioner's immigration. |
| 9 | 26-01215 | Incomplete Production | Respondents did not produce complete certified record of Petitioner's immigration. |
| 10 | 26-01228 | Incomplete Production | Respondents did not produce complete certified record of Petitioner's immigration. |

27. In many of these matters, Respondents were unable to comply with the court's order directing Respondents, *inter alia*, to include a certification attesting to the completeness of all immigration documents produced within the response deadline because many immigration records were in the custody of other departments or other Department of Homeland Security components. This Office has obtained no indication that Respondents intentionally did not comply with the court's orders.

28. The Office has identified four miscellaneous instances of possible non-compliance:

| | Docket | Violation Type | Additional comments, if identified by AUSA |
|---|---|---|---|
| 1. | 25-18326 | Voluntary Departure | Respondents removed Petitioner from United States because Petitioner requested voluntary departure. Injunction against removal was in place at time of voluntary departure. |
| 2 | 25-18993 | Release from Custody | Although no transfer prohibition or specific deadline to release Petitioner, Petitioner filed challenge to delays posting bond and to post-bond-order transfer. Challenge still under review by Court. |
| 3 | 25-18892 | Release From Custody | Although no deadline to release Petitioner, Petitioner's bond did not post for several days. |
| 4. | 25-17839 | Release From Custody | Although no deadline to release Petitioner, Petitioner's bond did not post for several days. |

29. With respect to circumstances that the Office did not consider to be Respondents' violation of a judicial order, the Office provides information regarding those circumstances in the interest of transparency.

10

30. The Office identified sixteen missed status update deadlines out of 547 cases.

31. The Office identified three instances where Respondents did not comply with a deadline because the Office was added late to the docket and lacked actual notice of a deadline.

                                                                                  By:    /s/ *Jordan Fox*
                                                                                           Jordan Fox
                                                                                           Chief of Staff & Associate Deputy
                                                                                            Attorney General
                                                                                           Special Attorney
                                                                                           *Attorney for Respondents*

Dated: February 13, 2026