**The Law Offices of Michael Z. Goldman**
100 Church Street, Suite 800
New York, NY 10007
(212) 901-3799
(646) 247-0012
michael@mzglaw.com

February 16, 2026

*By ECF*

Hon. Michael E. Farbiarz, U.S.D.J.
U.S. District Court for the District of New Jersey
2 Federal Square
Newark, NJ 07101

      Re: *Kumar v. Soto et al.*, No. 26-cv-777-MEF

Dear Judge Farbiarz:

This Office represents Petitioner in this matter, and writes again to request that Your Honor order Petitioner's immediate release from custody, given: (i) his unconstitutional apprehension by Respondents without notice and hearing; and (ii) Respondents' violation of Your Honor's injunction in his case.

As background, on February 5, 2026, Your Honor issued two Orders. The first Order stated that the Immigration Court should conduct a bond hearing in this matter, *unless Petitioner seeks to adjourn.* ECF No. 13 ("First Order"). The second Order found that Respondents had violated the Court's injunction by unlawfully moving the Petitioner to Texas, noted that "[i]n connection with the violation, the Petitioner has sought a remedy," and ordered Respondents to provide detail concerning how the violation came to be. ECF 14 ("Second Order"). The "remedy" sought by Petitioner was immediate release by this Court. *See* ECF 9.[1]

On February 9, 2026, Respondents submitted to the Court the Declaration of John F. Basiak Jr., ECF No. 19, providing further detail concerning Petitioner's post-injunction travel from New Jersey to Texas ("Basiak Declaration"). While providing some important information, the Basiak Declaration generally fails to address the Court's specific directive to provide "precise information as to how and why the order came to be violated." *See* ECF No. 14. Furthermore, some of the language in the Basiak Declaration is potentially misleading. Specifically,

---

[1] Petitioner previously complied with Your Honor's First Order by notifying the Court that it would be seeking to adjourn the bond hearing that the Immigration Court had scheduled for February 6, 2026. *See* ECF No. 15. The Immigration Court reacted to Petitioner's request to adjourn by scheduling another bond hearing for February 9, 2026, which the Immigration Court thereafter adjourned upon Petitioner's request. *See generally* ECF No. 20 (summarizing procedural history).

Paragraph 8 states that "[o]n February 2, *our Office learned for the first time* that ICE had transferred Petitioner to the Port Isabel Service Detention Center in Los Fresnos, Texas, on January 31," and Paragraph 9 states that "[w]e also conferred with Petitioner's counsel *to inform him of the violation of the Court's order*." ECF No 19 (emphasis added).  This language suggests that Respondents self-investigated, self-reported, and self-corrected, when it was *counsel for Petitioner* that notified Respondents of the violation of the Court's injunction.  *See* ECF. No 9.[2]

\*\*\*\*\*\*\*\*\*\*\*

A number of Judges in this District have found immediate release to be the only appropriate remedy to the due process violation at issue in this case.  *See, e.g., M.M. v. Rokosky*, No. 25-18547 (MCA), 2025 WL 3687941, at \*2 (D.N.J. Dec. 19, 2025) (ordering immediate release as remedy to habeas); *Guaman Lliguicota v. Cabezas*, No. CV 25-17216 (JKS), 2025 WL 3496300, at \*2 (D.N.J. Dec. 5, 2025) (ordering immediate release as remedy to habeas; "[t]he record contains no indication that Petitioner received any individualized assessment of flight risk or danger, and Respondents have not identified any basis under § 1226(a) that could support Petitioner's continued detention.  As in *Contreras Maldonado*, detention under § 1225(b)(2) is unauthorized and inconsistent with the statutory scheme and due process.  Given the nature of the violation, and consistent with the remedy ordered in *Contreras Maldonado* and similar cases, immediate release is required): *Bethancourt Soto v. Soto*, No. 25-16200 (CPO), —— F. Supp. 3d ——, 2025 WL 2976572, at \*9 (D.N.J. Oct. 22, 2025) ("As Respondents have not argued in the alternative that Petitioner should be detained under § 1226(a), the Court cannot construe the record to authorize his continued detention on that basis.  Accordingly, the Court will order Petitioner's immediate release and permanently enjoin Respondents from re-detaining him under § 1225."); *Zumba v. Bondi*, No. 25-14626 (KSH), 2025 WL 2753496, at \*11 (D.N.J. Sept. 26, 2025) (ordering immediate release as remedy to habeas).

As stated powerfully by Judge O'Hearn:

> [T]he Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, post hoc justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later.

*Rodriguez v. Rakowsky*, No. 25-17419 (CPO), 2025 WL 3485628 (Dec. 3, 2025).  *See also Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at \*7 & n.4 (E.D. Mich. Aug. 29, 2025) ("The Court cannot credit this new position that was adopted post-hoc, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v.*

---

[2] This pattern of events raises important questions concerning whether the Letter and Declaration of Jordan Fox, detailing violations of court orders by Respondents in cases before the District Court of New Jersey from December 5, 2025 to the present, is entirely accurate.  *See* ECF N0. 21 & 21-1.  Have violations of court orders where Respondents were *not* notified by counsel properly included?  This might occur, for example, in *pro se* cases, or when counsel is unaware of a violation, or simply chooses not to notify Respondents.

2

*Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted post hoc and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "post hoc justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a post hoc rationalization, or agency counsel's in-court reasoning.").

Petitioner maintains that the rationale of the above-cited cases applies to his case, and requests an order of immediate release. This remedy is doubly appropriate given Respondents' violation of the Court's specific injunction in this matter.

                                                Respectfully submitted,

                                                /s/ Michael Goldman
                                                The Law Offices of Michael Z. Goldman
                                                100 Church St., Suite 800
                                                New York, NY 10007
                                                212 901-3799
                                                michael@mzglaw.com


                                                *Attorney for the Petitioner*